UNITED STATES, Appellant

v

CRESS W. WOODS, Sergeant, U. S. Army, Appellee

12 USCMA 61, 30 CMR 61

No. 14,157

Decided December 9, 1960

*First Lieutenant William E. Johnson* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy.*

*First Lieutenant Richard A. Baenen* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question before us is whether a board of review has power to suspend execution of the sentence approved by the convening authority.

On his plea of guilty, the accused was convicted of fifteen specifications of theft of money from the United States, arising out of a claim for family allowances, and one specification of presenting a false claim for travel by a dependent daughter, in violation of Articles 121 and 132, respectively, Uniform Code of Military Justice, 10 USC §§ 921 and 932. The accused repaid all amounts improperly received. He was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, reduction to the grade of Recruit, and confinement at hard labor for six months. The convening authority approved the findings of guilty, but modified the sentence by eliminating the confinement.

In due course, the case came before the board of review. Considering the circumstances of the offenses and the accused's military background, which extended over eighteen years of service and included combat duty during World War II and the Korean Conflict, a majority of the board of review concluded that, while the convening authority was "most liberal in his treatment," the accused was entitled to an opportunity to serve out the remainder of his term. Reviewing the means to effectuate its conclusion, the board of review analyzed its powers to reassess the sentence, and determined that it could suspend execution of the bad-conduct discharge. Accordingly, among other things, it approved only so much of the sentence "as provides for bad conduct discharge, suspended for one year with provision for automatic remission at the expiration of that period unless the suspension is sooner vacated." One member of the board of review dissented on the ground the board of review did not possess the power to suspend execution of the sentence. Thereupon, the Acting The Judge Advocate General of the Army, Major General Stanley W. Jones, certified the following question for our consideration:

"Was the board of review correct in holding that it has the power to suspend the execution of a punitive discharge?"

The board of review made a searching examination of its powers, in the light of the provisions of the Uniform Code and our cases. It recognized that a number of our opinions held against the possession of authority by the board of review to suspend execution of a sentence as part of its review powers. See United States v Simmons, 2 USCMA 105, 6 CMR 105; United States v Cavallaro, 3 USCMA 653, 14 CMR 71; United States v Estill, 9 USCMA 458, 26 CMR 238. Nevertheless, it determined that it possessed the power. It believed it discerned in our recent opinion in United States v Russo, 11 USCMA 352, 29 CMR 168, an intimation that the earlier cases were based upon an erroneous construction of the Uniform Code.

In the *Russo* case we held that the convening authority and the board of review possessed the power to reduce a sentence of death to one of confinement for life. We pointed out that whether it be called mitigation, commutation, or alteration, each reviewing authority, under the terms of its statutory power to "affirm . . . such part or amount of the sentence" as it determines to be correct, can approve a sentence which does not exceed in severity that adjudged by a court-martial. Underlying this principle is the idea that a court "must assume that every rational person desires to live as long as he may." Rooney v North Dakota, 196 US 319, 325, 49 L ed 494, 25 S Ct 264 (1905). On that assumption, we had no difficulty in concluding that changing a sentence from death to life imprisonment merely mitigates its severity.

Suspension of execution of the sentence does not affect any part or amount of the sentence. It merely  holds in abeyance the ultimate decision whether the adjudged penalty should be exacted from the accused. In the *Simmons* case, supra, we observed that, it was anomalous for a board of review to possess the power to disapprove a sentence but, at the same time, lack the authority to suspend execution. The latter power, however, is "unfortunately" not given to it by the Uniform Code. Our natural inclination to accord the power of suspension to the board of review led us to review the inherent powers of a Federal court over the sentence; but we discovered that the right to suspend execution rests upon express statutory grant. Ex parte United States, 242 US 27, 61 L ed 129, 37 S Ct 72 (1916). We also examined the "historical development of the power of suspension in the military sphere," and found that said power was closely related to the power to order a sentence into execution. Since the board of review never possessed the power to execute, we were constrained to conclude that history, too, weighed against the power of suspension by a board of review.

Indeed, a board of review has broad

powers over the sentence. But, however laudable its purpose, it cannot act outside the area defined by the Uniform Code. United States v Middleton, 12 USCMA 54, 30 CMR 54. We have previously been unable to find in the Uniform Code, or in the inherent power of judicial tribunals, any authority for the board of review to suspend execution of sentence. Nothing that we said in the *Russo* case, and nothing presented to us on this appeal, indicates this view to be erroneous. Cf. Erie R. Co. v Tompkins, 304 US 64, 73, 82 L ed 1188, 58 S Ct 817 (1938). Accordingly, we answer the certified question in the negative.

The decision of the board of review is reversed. The record of trial is returned to the board of review for reconsideration of the sentence in the light of this opinion.

Judges LATIMER and FERGUSON concur.