UNITED STATES, Appellee

v

ZENAS A. FAGNAN, Sergeant First Class, U. S. Army, Appellant

12 USCMA 192, 30 CMR 192

No. 14,441

Decided February 10, 1961

*First Lieutenant Ralph T. Smith* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant Carl F. Wrench* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, wrongful appropriation, in violation of Code, supra, Article 121, 10 USC § 921, and various frauds against the United States, in violation of Code, supra, Article 132, 10 USC § 932. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for nine months, and reduction to the lowest enlisted grade. Intermediate appellate authorities affirmed, and we granted accused's petition for review on the issue whether the board of review properly refused to consider a psychiatric report and a letter from a confinement officer on the question of the appropriateness of accused's sentence.

During its consideration of this cause, the board of review requested appellate defense counsel to secure a psychiatric examination of the accused. In accordance with the board's request, accused was examined at Letterman General Hospital. He was found to be fully responsible for his offenses, although was suffering from a "Passive Dependency Reaction." The psychiatrist also believed accused to be well-motivated for restoration to duty and recommended that "this soldier be returned to duty following completion of his sentence, and if he is found to be ineffective in the performance of duty in the future, that he should be discharged . . . [administratively] for unsuitability." These conclusions and recommendations were placed in a report which appellate defense counsel filed with the board of review.

In addition to the foregoing, counsel also filed with the board a letter which had been received from the Correctional Officer in whose custody the accused had been placed. The letter, entitled "Report of Conduct," indicated the accused had made a favorable impression during his imprisonment and was classified as an installation parolee. It is further stated that accused "realizes his mistakes . . . has a great desire to return to duty and in my estimation will make an excellent soldier."

Directing the board's attention to the foregoing items and the great mass of mitigating and extenuating material in the record, counsel urged the disapproval of that portion of the sentence adjudging a bad-conduct discharge. The board refused to consider either the psychiatric report or the letter from the Correctional Officer and ultimately affirmed the sentence as legally and factually proper. Its rationale in determining that the report and letter were not properly before it is shown by the following language in its opinion:

"This we decline to do. Were we sitting as a Board charged with the responsibility of determining whether certain prisoners should be restored to duty on the basis of good conduct during confinement, or on the ground that their improved behavioral pattern indicated that they should be given another chance, we would be inclined to give sympathetic consideration to the accused's request. However, as the information on which we are asked to act concerns matters which occurred months after the convening authority acted upon the sentence and forwarded the record of trial, it is not a part of the record subject to review under Article 66, and should not be considered with respect to the appropriateness of the sentence as approved by the convening authority.

"We consider that the sentence in this case is fully warranted 'by the circumstances of the offense and *the previous record of the accused.*' United States v Lanford, 6 USCMA 371, 20 CMR 87, 99."

Thus, the basic issue presented for our resolution is whether the board properly refused to consider the material filed with it by appellate defense counsel, for its opinion seems clearly to indicate that it might have otherwise found the bad-conduct discharge inappropriate.

Code, supra, Article 66, 10 USC § 866, delineates the powers of a board of review and provides pertinently:

"(c) In a case referred to it, the board of review may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, *on the basis of the entire record,* should be approved." [Emphasis supplied.]

In United States v Simmons, 2 USCMA 105, 6 CMR 105, we were required to construe the foregoing enactment. Of the emphasized portion, we said, at page 106:

". . . Article 66 of the Code, supra, however, carefully restricts the boards of review to action 'on the basis of the entire record.' The board is thus denied access both to the accused's service record and to the accused himself, even though it may, under the language of Article 66, supra, consider the allied papers attached to the trial record proper."

In United States v Lanford, 6 USCMA 371, 20 CMR 87, we contrasted the provisions of Code, supra, Article 64, 10 USC § 864, and Article 66, supra, pointing out that only the latter statute limited action on the sentence to the "entire record." Thus, the convening authority is not restricted to the transcript of testimony and allied papers, but may, in the colorful language of the late Judge Brosman, consult a " 'guy named Joe' " for information

**194**

regarding the penalty to be approved. United States v Coulter, 3 USCMA 657, 14 CMR 75, at page 663. On the other hand, the board of review is expressly restricted by Congress to the "entire record" in assessing the appropriateness of the sentence. In *Lanford,* supra, we expressed the belief that, for that reason, it could not go beyond the record of trial and related materials which were before the convening authority at the time of his action. Our re-examination of the position asserted in that case convinces us that its interpretation of Code, supra, Article 66, was well-founded.

Service boards of review are intermediate appellate judicial tribunals. United States v Whitman, 3 USCMA 179, 11 CMR 179. In the absence of some clearly contrary declaration by law, the scope of their action should be limited to the boundaries defining the exercise of judicial power. The accused's argument, in essence, is that the board must consider any information regarding the sentence which may be filed with it, regardless of whether it is in or out of the record. Yet he is not able to point to any appellate judicial body whose authority is so broad. Rather, it appears that Congress, in conferring judicial character upon the boards of review, thoughtfully sought to limit their charter of review to matters reasonably connected to the proceedings already completed in the cause. This was accomplished by limiting the board's authority to review questions concerning the sentence to matters in the "entire record." Code, supra, Article 66; United States v Lanford, supra; United States v Simmons, supra.

It may be that boards of review have heretofore gone beyond their powers and considered information not included in the record at the convening authority level. The accused's brief before this Court adverts to decisions of such boards which considered letters from members of Congress, interested relatives, acquaintances, oral statements by interested parties, and other similar items. We note, however, that each cited instance occurred be-

fore the passage of the Uniform Code. Thus, they have little value as precedents for construction of Code, supra, Article 66. Throughout its hearing on the Code, Congress made clear its intent to insure that, contrary to past practices, all future military justice proceedings were truly judicial in nature. It is entirely inconsistent with that purpose to permit boards of review without limitation to consider information relating to the appropriateness of sentences when it has theretofore formed no part of the record.

The argument is also pressed upon us that a refusal so to permit the board to go outside the "entire record" will mean that its members are denied essential information regarding the quantum of sentence to be approved. Aside from the fact that we cannot ignore the plain words of the statute involved, we call attention of counsel to the responsibility of trial defense personnel for including in the record all possible information which may have a bearing on the sentence to be adjudged and approved. Moreover, we refer once more to the infrequently invoked provisions of Code, supra, Article 38, 10 USC § 838, which permit the defense counsel to prepare a brief to be forwarded "for attachment to the record" and to include "such matters as he feels should be considered in behalf of the accused on review." A brief so prepared and submitted becomes a part of the "entire record" before the board of review. United States v Lanford, supra. We are aware that these briefs are seldom filed, but it is no answer to the problem before us to urge that counsel will not perform a duty imposed upon them by the ethics of their profession and the provisions of the Code. If such be the case, the proper procedure is to institute measures which will insure that military lawyers take every possible step to secure the amelioration of their client's sentence, or to secure from Congress remedial legislation. We suggest, however, that much can be done administratively to tighten the relationship between trial and appellate counsel in order that records of trial may come before the board of review with all relevant data included.

It is recognized, of course, that the accused's conduct in post-trial confinement can rarely, if ever, be made the subject of a brief by trial defense counsel or otherwise made a part of the "entire record." In some cases, this may be unfortunate, but, as this board of review pointed out, these intermediate appellate bodies do not sit as probation and parole boards. Other and separate provision is made in the Code for the remission and suspension of sentences. United States v Russo, 11 USCMA 352, 29 CMR 168; United States v Woods, 12 USCMA 61, 30 CMR 61. And it is to these actions, rather than to the board's consideration of appropriateness, that good behavior in confinement is generally directed.

We hold, therefore, that a board of review is limited in its consideration of information relating to the appropriateness of sentence to matters included in "the entire record." That phrase encompasses the transcript and the allied papers, as well as any appellate brief prepared pursuant to the terms of Code, supra, Article 38. United States v Simmons, supra; United States v Lanford, supra. Beyond these limits, the board of review may not go. Accordingly, the board here properly refused to consider, on the question of the appropriateness of accused's sentence, the psychiatric report and letter regarding his good conduct in post-trial confinement.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.