UNITED STATES, Appellee

v

EUGENE PATTERSON, Private, U. S. Army, Appellant

22 USCMA 157, 46 CMR 157

No. 25,929

March 2, 1973

Captain *Arpiar G. Saunders, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *David F. Addlestone, Esquire, Colonel Arnold I. Melnick,* and *Captain Mark L. Tuft.*

Captain *Thomas G. McMahon* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Stan L. Spangler.*

## Opinion of the Court

DARDEN, Chief Judge:

In this case we considered a contention that the Judge Advocate General of the Army abused his discretion by denying the accused's request that the officer who functioned as trial defense counsel be detailed to function as his appellate defense counsel.

After a general court-martial at Fort Benning, Georgia, convicted Private Patterson of robbery and attempted robbery, he requested that the Judge Advocate General of the Army detail Captain Delmer C. Gowing, III, who served as his trial defense counsel, to represent him on his appeal. Although Captain Gowing indicated that he was available and desired to serve as appellate defense counsel, and the staff judge advocate at Fort Benning determined that Captain Gowing was reasonably available in accordance with paragraph 48b, Manual for Courts-Martial, United

States, 1969 (Rev ed),[1] the Judge Advocate General declined to appoint him as individual military appellate counsel.

The context of paragraph 48*b* suggests that its provisions apply to requests for trial rather than appellate counsel. Paragraph 48*b* is a part of chapter IX of the Manual, which has the heading "Personnel of Courts-Martial." Chapter XX, which is headed "Appellate Review—Execution of Sentences," includes provisions for the detail of appellate counsel.

Appellate defense counsel argued before us that under Article 70, Uniform Code of Military Justice, 10 USC § 870, the accused has a statutory right to request appellate counsel of his choice, that the attorney-client relationship between the accused and Captain Gowing could not be severed for administrative convenience, and that therefore the Judge Advocate General abused his discretion in denying a request that Captain Gowing represent him on appeal.

The Government responds that Article 70 manifests a congressional intent to have a centralized group of appellate defense attorneys within the office of the Judge Advocate General to act as appellate defense counsel. Since Captain Gowing was not in the office of the Judge Advocate General but was assigned to Fort Benning, the Government contends that the Judge Advocate General lacked the power or the authority to detail him to act as appellate defense counsel in this case.

The Government contends that since Captain Gowing was assigned to Fort Benning, the Judge Advocate General could not have detailed him to act as an appellate defense counsel, but we consider this as not imposing an insuperable obstacle to favorable action on

---

[1] Paragraph 48*b*, Manual, reads as follows:

"Detail of individual military counsel. The application for the detail of a person requested by the accused as military counsel may be made by the accused or by anyone on his behalf, but it is usually forwarded by the defense counsel to the convening authority. The convening authority will take the following action:

(1) If the requested counsel is within his immediate command and is reasonably available, he will make the detail and order any necessary travel. If he determines that the requested counsel is not reasonably available, he will so advise the accused.

(2) If the requested counsel is not a member of the command of the convening authority, the convening authority will forward the request for a determination of availability to the commanding officer or head of the organization, activity, or agency with which the requested counsel is on duty.

"When a determination is made within a military department that requested counsel is not available, unless made at departmental level or by a commanding officer or supervisor immediately subordinate to the departmental level, that determination is subject to appeal to the requested counsel's next higher commanding officer or level of supervision. Appeals may not be made which require action at departmental or higher level. The accused will be promptly notified of any decision on a request or an appeal. A pending appeal is ordinarily a proper ground for postponement or continuance of the trial. When a determination has been made that requested military counsel is not reasonably available and the case is subsequently tried by a special or general court-martial, the application of the accused for that counsel and the actions of the convening authority and, if applicable, of other authorities, together with the reasons for the determination, shall be made a matter of record and be included with the record of trial.

"A person who has acted as a member of the prosecution in the same case is not available for detail as individual counsel. See 6*a* and Article 27. A military person who has been made available to act as individual counsel will, so far as is practicable, be relieved of all other duties which may interfere with the proper preparation and presentation of the accused's case."

Private Patterson's request. Disregarding whatever inconvenience and expense may have been entailed, officials responsible for personnel assignments probably could have arranged to assign Captain Gowing temporarily to the office of the Judge Advocate General. That this was possible, though, is different from holding that the statute required it.

The cases of United States v Eason[2] and United States v Murray[3] are authority that an established attorney-client relationship may not be involuntarily terminated by transfer of the military counsel. In the instant case, appellate defense counsel urge that the holdings in *Eason* and *Murray* be extended by a declaration that a trial attorney-client relationship continues throughout appellate review and that to deny the accused's request for Captain Gowing the Judge Advocate General must have had good cause consisting of more than administrative inconvenience. Both *Eason* and *Murray* involved discontinuance of participation at the trial level, however, and nothing in either opinion intimates that the same result should obtain at the appellate level.

Article 70 of the Code provides:

"(a) The Judge Avocate General shall detail in his office one or more commissioned officers as appellate Government counsel, and one or more commissioned officers as appellate defense counsel, who are qualified under section 827 (b) (1) of this title (article 27 (b) (1) ).

"(b) Appellate Government counsel shall represent the United States before the Court of Military Review or the Court of Military Appeals when directed to do so by the Judge Advocate General.

"(c) Appellate defense counsel shall represent the accused before the Court of Military Review or the Court of Military Appeals—

(1) when he is requested to do so by the accused;

(2) when the United States is represented by counsel; or

(3) when the Judge Advocate General has sent a case to the Court of Military Appeals.

"(d) The accused has the right to be represented before the Court of Military Appeals or the Court of Military Review by civilian counsel if provided by him.

"(e) Military appellate counsel shall also perform such other functions in connection with the review of court martial cases as the Judge Advocate General directs."

In contrast to the qualified right of an accused under Article 38(b)[4] to have an individual trial defense counsel selected by him, the text of Article 70 omits any specific reference to the right of an accused to have military counsel of his own selection. Appellate defense counsel nevertheless attempt to find support for their position from the article's legislative history.

In the hearings before the House Committee on Armed Services, the only discussion about the accused's selection of appellate counsel occurred in the context of his right to have civilian counsel represent him on appeal:

"Mr. Brooks. . . .

"What would you think of this, under subsection (d), which reads

<hr>

[2] 21 USCMA 335, 45 CMR 109 (1972).

[3] 20 USCMA 61, 42 CMR 253 (1970).

[4] The text of this article is:
"The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge." Article 38(b), UCMJ, 10 USC § 838(b).

'the accused shall have the right to be represented before the Judicial Council or the board of review by civilian counsel if provided by him' —shouldn't we add the word 'also' in there or begin by saying 'in addition the accused shall have the right'?

"Mr. Larkin. I think it is clear this way, Mr. Chairman.

"Mr. Brooks. But you have stated above that the Judge Advocate General may appoint someone to represent the accused.

"Mr. Larkin. That is right. That follows the notion that you have in the trial where the convening authority appoints someone to represent the accused.

"Mr. Brooks. Then in (d) you say 'the accused shall have the right.'

"Mr. Larkin. That follows the same pattern. When a man goes to trial the convening authority appoints a counsel for him or he appoints a military counsel that he requests if he is available or the accused may have his own civilian counsel.

"Mr. Brooks. So that that—

"Mr. Larkin. This follows the same pattern here. Here he may have his own counsel if he desires.

"Mr. Brooks. Do you really read into subsection (d) the word 'also'?

"Mr. Larkin. I think so, yes.

"Mr. Brooks. All right.

"You have heard article 70 as read. Is there any further discussion or objection? If not, it stands approved."[5]

Before the Senate Committee on Armed Services, the sole reference is as follows:

"Senator Kefauver. Does the accused have the right of selection of his own attorney in the proceedings before a Court of Military Appeals?

"Mr. Morgan. Civilian counsel? Certainly, sir; if he wants civilian counsel, and if he doesn't then we have set up in the Judge Advocate General's office, appellate counsel, and defense counsel who must appear for him.

.    .    .    .    .

"Senator Kefauver. Who is the appellate Government counsel and who selects the counsel?

"Mr. Larkin. The Judge Advocate General will select the Government counsel from his own staff— the people in his office—where there is to be such an argument.

"The accused may have his own or have civilian counsel represent him before these appellate tribunals. But if he does not, then the judge advocate will appoint an officer from his office to defend or at least present the accused's side of the case."[6]

The House and Senate reports describe Article 70 in nearly the same terms.[7] From these excerpts, the

[5] Hearings on HR 2498 Before a Subcomm of the House Comm on Armed Services, 81st Cong, 1st Sess 1197–1198 (1949).

[6] Hearings on S 857 and HR 4080 Before a Subcomm of the Senate Comm on Armed Services, 81st Cong, 1st Sess 56, 290 (1949).

[7] The House report reads:
    "*Article 70. Appellate counsel*
    "Appellate review having been provided for in other provisions of the code, this article provides appellate counsel for both the Government and the defense.
    "This article is new and is included

in the code in order that the accused may be represented on review. Such representation will assure that the accused's case will be thoroughly considered. Appellate counsel should have the qualifications of counsel before a general court martial. (See art. 27(b).)" HR Rep No. 491, 81st Cong, 1st Sess 33 (1949).

The Senate report reads:
    "*Article 70. Appellate counsel*
    "Appellate review having been provided for in other provisions of the code, this article provides appellate counsel for both the Government and the defense.

strongest support for the defense contention is Mr. Larkin's response to the question from Senator Kefauver that "accused may have his own." One possible meaning is that Mr. Larkin recognized that the sentence as he started it was inaccurate and modified it by substituting "or have civilian counsel." But this one ambiguous response to a question is insufficient to enlarge the statutory plan to include a right to individual appellate military counsel.

■■■■■ Throughout the hearings in both Houses, the major issue was the propriety of having the Judge Advocate General appoint the appellate defense counsel as well as the appellate Government counsel. Both the Senate and House hearings reflected suggestions for avoiding appointment of appellate defense counsel by the Judge Advocate General.[8] The solution Congress provided was the establishment within the office of the Judge Advocate General of a group of qualified lawyers to function as appellate defense counsel.

In addition to the wording of Article 70(a) of the Code, which refers to the Judge Advocate General's detailing in his office qualified lawyers to function as appellate defense counsel, other sections of the Code substantiate construction of Article 70 to mean that Congress contemplated designation of military appellate defense counsel different from trial counsel. The first of these is Article 38(c),[9] which authorizes defense counsel to forward a brief for consideration on appellate review. Cf. United States v Fagnan,

12 USCMA 192, 30 CMR 192 (1961). While the existence of this article is not conclusive on the question whether trial defense counsel's functioning as appellate defense counsel is not required, the need for such a provision would be less if the Congress had understood that trial defense counsel might continue to represent his client on appeal. Second, while Article 38 (b) refers expressly to military counsel of the accused's own selection if that counsel is reasonably available, Article 70 omits any reference to the selection of military appellate counsel by an accused.

Although custom and practice to the contrary provide no infallible guide to legislative intent, it is nonetheless true that since enactment of the Uniform Code the military appellate counsel have been qualified attorneys assigned to the office of the Judge Advocate General who were detailed to specialize in appellate work. Cf. United States *ex rel.* Hirshberg v Cooke, 336 US 210, 93 L Ed 621, 69 S Ct 530 (1949).

If we were approaching the question this case poses as legislators, we might find attractive the argument that a trial counsel's experience in a particular case is likely to make him more effective as an appellate counsel in the same case than a counsel who had no trial connection with it. Countervailing arguments also exist. Appellate defense counsel who earlier had functioned as trial defense counsel might be less likely to assign as error on appeal the inadequate assistance of counsel at trial. Second, a reg-

---

"This article is new and is included in the code in order that the accused may be represented on review. Such representation will assure that the accused's case will be thoroughly considered. Appellate counsel must have the qualifications of counsel before a general court martial." S Rep No. 486, 81st Cong, 1st Sess 30 (1949).

[8] Hearings on HR 2498 Before a Subcomm of the House Comm on Armed Services, 81st Cong, 1st Sess 686, 842 (1949); Hearings on S 857 and HR 4080 Before a Subcomm of the

Senate Comm on Armed Services, 81st Cong, 1st Sess 199 (1949).

[9] Article 38(c), UCMJ, 10 USC § 838 (c) provides:

"In every court-martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate."

ular procedure involving trial defense counsel's responsibility for handling a case throughout appellate review would involve additional travel by counsel in the field with concomitant lack of attention to other trial work in his jurisdiction, perhaps to an extent that would add to the number of uniformed lawyers needed. Finally, some of the benefits of specialization by appellate defense counsel would be lost. The quality of the assistance provided accused members of the armed forces and this Court by military appellate defense counsel has been consistently high. Their energy, intellect, and professional competence have been so impressive that imagining an improved performance by trial defense counsel is difficult for us. In any event, under the present state of the law we view this decision as not one for us to make.

Since functioning by trial defense counsel as appellate defense counsel is not a right the Code confers, the Judge Advocate General of the Army did not abuse his discretion in denying the request in this instance. We affirm the decision of the Court of Military Review.

Judge DUNCAN concurs.

QUINN, Judge (dissenting):

In my opinion, the majority misapprehend the issue. As I perceive it, it is not what general practice Congress has established to govern the usual case of appointment of defense counsel, but what right the accused has to counsel other than the one selected for him by the Judge Advocate General.

Long ago this Court recognized the right of an accused to reject, for good cause, the lawyer appointed to represent him on appeal. United States v Bell, 11 USCMA 306, 29 CMR 122 (1960). In fact, Bell specifically left undecided whether the Judge Advocate General could, even for good cause, "refuse to furnish substitute lawyers." Id. at 309, 29 CMR at 125. In reviewing the relationship between the Judge Advocate General's statutory right to appoint appellate defense counsel and the responsibility of the appellate tribunal to control the proceedings before it, we said:

"Here . . . [the Board of Review now the Court of Military Review] could have gone further than solicitation. It could have requested the appointment of other counsel if the members were of the opinion that the accused should be represented by someone other than the original appointees. Had the request been denied, the board could have refused to hear the case until counsel was detailed. We mention this possibility to strengthen the hand of the boards of review should the occasion arise, although we are convinced the situation is not likely to develop, for most accused persons are grateful for the free representation and seldom is there a complaint on the selection. However, if an accused makes a demand which is reasonable and it is refused by The Judge Advocate General, the board of review could bar a hearing until representation is furnished." Id. at 310, 29 CMR at 126.

The Judge Advocate General offered no reason for his refusal to appoint Captain Gowing but the naked assertion of the power to appoint. The Court of Military Review accepted this assertion of power, without consideration of the merits of the accused's request. In my opinion, it erred, and its error improperly denied the accused the right to counsel before the court. I would, therefore, reverse the decision of the Court of Military Review, as in Bell, and return the case to it for further hearing.