UNITED STATES, Appellant

v

JAMES A. GLAZE, Machinist's Mate Second Class,
U. S. Navy, Appellee

22 USCMA 230, 46 CMR 230

No. 26,293

April 13, 1973

*Lieutenant Commander Harvey E. Little*, JAGC, USN, argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey*, USMC.

*Lieutenant Kenneth N. Beth*, JAGC, USNR, argued the cause for Appellee, Accused.

## Opinion of the Court

DARDEN, Chief Judge:

This case presents the question whether the United States Navy Court of Military Review's action on the accused's sentence, as approved and suspended below, was within its authority.

The accused, serving in the grade of E–5, was convicted and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, detention of $40 pay per month for 1 month, forfeiture of $100 per month for 2 months, and reduction to the grade of E–1. The convening authority approved the sentence, but the supervisory authority acted on the record to approve only so much of the punishment as provided for a bad-conduct discharge, confinement at hard labor for 2 months, forfeiture of $100 per month for 2

months, and reduction to the grade of E–1. He then suspended the bad-conduct discharge, the forfeitures, and any reduction in excess of that to E–4 until March 16, 1973, with provision for automatic remission. The Court of Military Review, declaring that it believed the accused should remain in the grade of E–5, affirmed the sentence as approved by the supervisory authority but modified the suspended portions to suspend the accused's reduction in its entirety.

In United States v Simmons, 2 USCMA 105, 6 CMR 105 (1952), this Court held that Article 66, Uniform Code of Military Justice, 10 USC § 866, did not empower a board of review (now the Court of Military Review) to suspend a sentence as approved below. See also United States v Woods, 12

USCMA 61, 30 CMR 61 (1960). Whether the impact of subsequent developments in military law suggests the desirability of reexamining this construction of Article 66 need not be considered in this case, for we conclude that the court's action was within its authority to determine an appropriate sentence. See Jackson v Taylor, 353 US 569, 578, 1 L Ed 2d 1045, 77 S Ct 1027 (1957).

Article 66(c), Uniform Code of Military Justice, 10 USC § 866(c), declares that a Court of Military Review

> may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.

In this case, the court found "it appropriate . . . that appellant retain his present rate of Second Class Petty Officer [E–5] on a probation basis." As the supervisory authority had suspended any reduction below the grade of E–4, the court's action had the effect of modifying the suspension to cause the entire reduction to E–1 to be suspended.

Exercising its authority under Article 66(c), the court might have disapproved that portion of the sentence relating to reduction, leaving the accused in the grade of E–5. This would have been unquestionably a lawful action and would have accomplished the same result, although it would have left the supervisory authority with less flexibility in the event that he subsequently desired to vacate a portion of the suspension on violation of the accused's probation. Since the court had such authority, it also could modify the terms of the suspended reduction to provide that the accused would not be reduced below the grade of E–5.

In United States v Estill, 9 USCMA 458, 26 CMR 238 (1958), this Court held that a board of review (the Court of Military Review's predecessor) had the authority to lessen the rigor of a legal sentence by varying the terms of a suspension through reducing the length of the probationary period. The

Court went on to state, at 461, 26 CMR at 241:

> To hold otherwise would, in effect, preclude the board's consideration of the question of appropriateness to any portion of the sentence which a convening authority has acted to suspend. By exercising his suspensory powers the convening authority cannot thereby restrict the board's exercise of its mitigating powers.

*Estill* governs the instant case. In that case the board found appropriate a lesser period of probation than that prescribed by the convening authority. Here the court found appropriate a lesser degree of suspended reduction than that stated in the supervisory authority's action. In both cases, the suspensions were ordered by the convening or supervisory authority and remained in effect, although their terms were modified. In neither case did the appellate body act to suspend the sentence, and the supervisory authority here remains free to vacate any part of the suspension he imposed. Any further limitation on the court's powers would mean that it must disapprove the entire portion of the sentence relating to reduction to reach the result it intended. This is the kind of restriction in the court's authority to determine an appropriate sentence that this Court sought to avoid in *Estill*. Accordingly, we conclude that the action of the United States Navy Court of Military Review was proper.

We answer the certified question in the affirmative.

Judge QUINN concurs.

DUNCAN, Judge (concurring):

I concur with the majority's conclusion that the law of United States v Estill, 9 USCMA 458, 26 CMR 238 (1958), governs the instant case. Moreover, in recognition of the holding in *Estill*, the Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 100*a*, now provides that a Court of Military Review "may reduce the period of a suspension prescribed by the convening authority."

See Department of the Army Pamphlet No. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, at 20–1.

Had I been a member of the Court when *Estill* was decided, in probability, I would not have joined the majority. In United States v Simmons, 2 USCMA 105, 6 CMR 105 (1952), this Court held that a board of review, the predecessor of the Court of Military Review, does not have authority as a matter of law to suspend any portion of the approved sentence. Here, as in *Estill,* we leave standing the rule that a Court of Military Review cannot suspend a sentence, but again hold that it can suspend a part of a suspension. Perhaps there is a subtle difference, but one I am still unable to grasp. On the other hand, the *Estill* decision is our law, and my respect for the principle of stare decisis leads me to concur.