UNITED STATES, Appellant,

v.

Augustus R. SCOTT, Jr., Private, U. S. Marine Corps, Appellee.

No. 34223.
NCM 77–0334.

U. S. Court of Military Appeals.

Feb. 13, 1978.

*Captain Christopher M. Klein,* USMC, argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel P. N. Kress,* USMC, and *Captain W. D. Blalock,* USMCR.

*Lieutenant Vance J. Bettis,* JAGC, USNR, argued the cause for Appellee, Accused. With him on the brief was *Commander A. W. Eoff II,* JAGC, USN.

Opinion of the Court

PER CURIAM:

The accused was convicted by special court-martial of four specifications alleging unauthorized absences. He was sentenced to a bad-conduct discharge and confinement at hard labor for 3 months. Upon review by the United States Navy Court of Military Review, that court affirmed "only so much of the sentence as provides for a bad-conduct discharge suspended for the actual period of confinement served and six months thereafter, and confinement at hard labor for three months." This action on the sentence resulted in the following issue being certified to this Court by the Acting Judge Advocate General of the Navy:

> Did the United States Navy Court of Military Review exceed its authority when it acted to suspend the execution of the bad-conduct discharge in this case? Paragraph 100a, *Manual for Courts-Martial, United States, 1969 (Revised edition).*

Government counsel argue that *United States v. Woods,* 12 U.S.C.M.A. 61, 30 C.M.R. 61 (1960); *United States v. Cavallaro,* 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954); and *United States v. Simmons,* 2 U.S.C.M.A. 105, 6 C.M.R. 105 (1952), which held that the then Board of Review had no inherent power to suspend a sentence, require reversal in the present case. Contrarily, defense counsel urge the Court to reexamine the continued validity of those cases. However, we deem it unnecessary to address the arguments of counsel.

The majority of the Court of Military Review [1] found the following as to the convening authority's action: [2]

. . . We must assume that the convening authority either intended to suspend the bad conduct discharge or else erred when he included the qualifying language . . . We resolve all doubt in favor of the appellant by ordering the bad conduct discharge in this case suspended for the period noted above.

In *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972), a Court of Military Review suspended a punitive discharge because it concluded that the convening authority was bound by the terms of a pretrial agreement which provided for such a suspension. This Court upheld the Court of Military Review on the basis that the court "properly utilized its authority in doing that which the convening authority was legally bound to do." *Id.* at 72, 46 C.M.R. at 72. In *Cox*, we cited *United States v. Braxton*, 16 U.S.C.M.A. 504, 37 C.M.R. 124 (1967), where this Court in the interest of judicial economy, dismissed a charge because it concluded that such action was consistent with the intent of the convening authority, although such dismissal was not specified in the convening authority's action.

The Court of Military Review in the present case found that the convening authority intended to suspend the bad-conduct discharge even though such suspension was not specified in his action. Accordingly, the Court of Military Review did not purport to exercise its own authority to suspend the discharge, but merely clarified the convening authority's action. While the case could have been returned to the convening authority for such clarification, we conclude that the Court of Military Review acted properly in resolving the ambiguity at the appellate level.

The decision of the United States Navy Court of Military Review is affirmed.

---

1. A dissenting judge expressed the view that he would disapprove the bad-conduct discharge.

2. The supervisory authority approved the action of the convening authority.