**UNITED STATES**

v.

**Terry Thomas TALLAKSEN, 572 25 2108 Seaman Recruit (E–2), U. S. Navy.**

**NCM 79 0442.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 Oct. 1978.

Decided 11 Aug. 1980.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and EDWARDS, JJ.

BAUM, Senior Judge:

Appellant was tried by a special court-martial, military judge alone. Contrary to his pleas, the military judge found appellant guilty of two aggravated assaults, one failure to obey a lawful order, and one wrongful communication of a threat, committed in violation of Articles 128, 92, and 134, respectively, of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928, 892, and 934. The judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $200 pay per month for 3 months, and reduction to pay grade E–1. The convening authority approved the adjudged sentence, but suspended the bad-conduct discharge, with provision for automatic remission; the supervisory authority approved the sentence as approved and partially suspended by the convening authority.

In an undated letter addressed to the convening authority which has been attached to the record of trial, the trial defense counsel raised three errors pursuant to Article 38(c), UCMJ, 10 U.S.C. § 838(c): (1) that the finding of guilty to Charge I, specification 2, an assault offense, was based on insufficient evidence; (2) that the alleged threat under Charge IV was conditional and did not constitute a violation of Article 134, UCMJ; and (3) that the military judge erred to the prejudice of the accused when he denied a motion relating to illegal pretrial confinement.

Appellant has summarily assigned as error that the staff judge advocate's review failed to mention that trial defense counsel submitted this post-trial brief pursuant to Article 38(c), UCMJ, and that such brief was not mentioned in either the convening or supervisory authorities' actions. Appellant has failed to cite authority for this purported error and we are unaware of any cases requiring the staff judge advocate, the convening authority or the supervisory authority to make specific reference to an Article 38(c) brief before action properly can be taken on the record. While there apparently are no cases requiring such and while neither the Uniform Code of Military Justice nor the *Manual for Courts-Martial, 1969 (Rev.)* explicitly require acknowledgement by the convening authority, supervisory authority, or staff judge advocate that an Article 38(c) brief has been received, it must have been contemplated by the drafters of Article 38(c) that the authority reviewing the record would consider the brief before acting. Otherwise Article 38 would establish a hollow right, indeed; a right to submit a brief without the concomitant assurance that whatever is submitted will be considered before action is taken.

The legislative history of Article 38(c) reveals that it was modeled after a similar provision in the proposed Articles for the Government of the Navy which made mandatory the submission of either a brief or a statement setting forth reasons for not so doing.[1] The later alternative was

---

1. *See A Bill to Enact and Establish a Uniform Code of Military Justice; Hearings on H.R.*

*2498 before a Subcommittee of the Committee on Armed Services of the House of Representa-*

deleted because of its possible prejudicial effects, leaving in the permissive provision alone to encourage defense counsel to submit briefs in appropriate cases. In any event, it must have been contemplated that a brief submitted would be considered on review.[2] We are confident from the language of Article 38(c), itself that once a brief is submitted it should be considered before action is taken because it is to be attached to the record and, accordingly, should be reviewed along with all other matters of record.[3] Accordingly, we deem it to be error for a convening authority or supervisory authority to fail to consider a brief submitted to him pursuant to Article 38(c), UCMJ, before acting on the record.

█ Here, while the supervisory authority did not refer directly to the Article 38(c) brief in his action he did state that he had considered defense counsel's response to the staff judge advocate's review submitted pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). That response, in its challenge to the staff judge advocate's review, raised the same matters that had been presented earlier in the Article 38(c) brief. Accordingly, we find that the supervisory authority in considering the *Goode* response also must have, in turn, considered the very same issues that were asserted in the Article 38(c) brief. Moreover, the presumption of regularity, *United States v. Weaver*, 1 M.J. 111, 114 (C.M.A.1975), allows us to presume that since the supervisory authority was required to review the record, he considered the Article 38(c) brief attached thereto. *United States v. Johnson*, 21 U.S. C.M.A. 270, 45 C.M.R. 44 (1972). The same can be said for the convening authority. We turn next to the staff judge advocate's review.

The staff judge advocate did not direct the supervisory authority's attention to the trial defense counsel's brief, as such, in his review of the case, but he did thoroughly analyze the propriety of the two findings of guilty challenged in the brief, as well as the pretrial confinement issue that was also raised. The staff judge advocate did not address the assertion that the threat alleged in the specification under Charge IV was on its face conditional and, thus, did not constitute a violation of Article 134, UCMJ. We do not believe it was necessary to address this matter, however, because the alleged threat when read in its entirety was clearly not conditional on its face and the staff judge advocate's analysis of the evidence also made it clear that the threat was not conditional. Finally, with respect to the pretrial confinement matter, the staff judge advocate's treatment of that issue was more than adequate to properly advise the general court-martial authority who read the review in conjunction with the defense counsel's *Goode* response, which reasserted matters raised in the Article 38(c) brief.

█ In short, while it would have been better practice for the staff judge advocate to have referred to the defense counsel's asserted errors and directly responded to them, we believe appellant has not been prejudiced by the staff judge advocate's failure in this regard. We reach this conclusion because we find no merit in those purported errors and we find that the staff judge advocate's review adequately advised the supervisory authority prior to his acting on the record. Moreover, any error in the staff judge advocate's not referring to the Article 38(c) brief has been waived by the

tives. 81st Cong., 1st Sess. 1022 (March 25, 1949).

2. The following statement of purpose appears during the hearings before the House Armed Services Subcommittee: "Mr. Larkin . . . In (c) [art. 38(c)] we provide the manner in which a defense counsel may write a brief, if he desires,and have it included in the record so that any legal points he cares to raise will be available for consideration upon review." *Id.*

3. Article 38(c) reads as follows:
In every Court-Martial proceeding, the defense counsel may, in the event of conviction, forward for attachment to the record of proceedings a brief of such matters as he feels should be considered in behalf of the accused on review, including any objection to the contents of the record which he considers appropriate.
See also *United States v. Fagnan*, 12 U.S.C. M.A. 192, 30 C.M.R. 192 (1961).

defense counsel's failure to raise the matter in his *Goode* response. *See United States v. Barnes*, 3 M.J. 406 (C.M.A.1977). In order to avoid problems in the future, however, reviewing authorities would be well-advised to note for the record their consideration of matters presented by counsel pursuant to Article 38(c), UCMJ.

We are satisfied that the findings and sentence in this case are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence approved below are affirmed.

Judge PRICE concurs.

Judge EDWARDS concurs in the result.