# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist GERARDO V. ABELLA**
**United States Army, Appellant**

ARMY 20120250

Headquarters, 82nd Airborne Division
G. Bret Batdorff and Tara Osborn, Military Judges
Lieutenant Colonel John N. Ohlweiler, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Captain Chad M. Fisher, JA; Captain Samuel Gabremariam, JA (on brief).

12 March 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general regulation for using "spice," and for committing an assault consummated by a battery, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for 115 days, and reduction to the grade of E-1.  Contrary to the terms of the pretrial agreement, the convening authority approved a sentence that included a bad-conduct discharge, confinement for two months, and reduction to the grade of E-1.

Appellant raises two closely related assignments of error for our review under Article 66, UCMJ, both of which have merit and warrant discussion.  We will provide appropriate relief in our decretal paragraph.

## BACKGROUND

On 23 February 2012, appellant offered to plead guilty to violation of a lawful general regulation and assault consummated by a battery. On 1 March 2012, the convening authority agreed to limit the period of confinement to 90 days and to disapprove any discharge. On 12 March 2012, appellant pleaded guilty, and "[t]he military judge conducted an appropriate inquiry into the providence of the pleas, ensuring there was a factual basis for them." *United States v. Acevedo*, 50 M.J. 169, 171 (C.A.A.F. 1999) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)). The military judge also ensured on the record that appellant understood the meaning and effect of his pretrial agreement, including its sentencing provisions as required by Rules for Courts-Martial [hereinafter] R.C.M. 705 and 910(f). The military judge sentenced appellant to 115 days of confinement, reduction to the grade of E-1, and a bad-conduct discharge. He then reviewed the limitation on the sentence provided by the pretrial agreement, and confirmed that the parties understood that only so much of the sentence providing for 90 days confinement and reduction to the grade of E-1 could be approved. Finally, the military judge expressly confirmed with appellant and counsel for both sides that the convening authority could not approve the adjudged bad-conduct discharge.

In the Staff Judge Advocate's Recommendation (SJAR), the staff judge advocate (SJA) correctly noted the effect of the pretrial agreement on the adjudged sentence. The SJA recommended the convening authority only approve 90 days confinement and reduction to the grade of E-1. The SJAR was served on appellant and trial defense counsel, who submitted detailed R.C.M. 1105 matters that included an allegation of dilatory post-trial processing, pursuant to *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and *United States v. Collazo*, 53 M.J. 721 (C.A.A.F. 2000).

Thereafter, the SJA completed an addendum to the SJAR in which he recommended the convening authority reduce the period of confinement by 30 days to moot any issue raised by the post-trial processing of the case. He further recommended the convening authority approve the bad-conduct discharge.[*] The SJA never served the addendum, which included new matter by virtue of the recommendation to approve the bad-conduct discharge, on appellant or his defense counsel. The convening authority followed the SJA's recommendation and approved, *inter alia*, the bad-conduct discharge.

---

[*] The entire recommendation reads, in pertinent part, "I now recommend that you approve only so much of the sentence as provides for reduction to the grade of E-1, confinement for 2 months, and a Bad-Conduct Discharge, and except for that portion pertaining to the Bad-Conduct Discharge, order it executed."

**LAW AND DISCUSSION**

A pretrial agreement is a contract between the accused and the convening authority, and the convening authority is bound by the terms of that agreement. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009). "Whether the government has complied with the material terms and conditions of an agreement presents a mixed question of law and fact." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citing *Hometown Financial, Inc. v. United States*, 409 F.3d 1360, 1369 (Fed. Cir. 2005); *Gilbert v. Dep't of Justice*, 334 F.3d 1065, 1071 (Fed. Cir. 2003)). "[A]ppellant bears the burden of establishing that the term is material and that the circumstances establish governmental noncompliance." *Smead*, 68 M.J. at 59. In this case, appellant asserts, the government concedes, and we agree that the convening authority failed to abide by a material term of the pretrial agreement by erroneously approving the adjudged bad-conduct discharge.

"In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Id*. Here, appellant requests that this court set aside the bad-conduct discharge, a remedy which is within our power to provide. *See* UCMJ art. 66; *United States v. Scott*, 4 M.J. 205, 206 (C.M.A. 1978).

**CONCLUSION**

On consideration of the entire record and appellant's assigned errors, we hold the findings of guilty are correct in law and fact. Therefore, we affirm the findings of guilty. Based on the reasons outlined above, the court affirms only so much of the sentence as provides for confinement for two months and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court