# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39675**

————————————

### UNITED STATES
*Appellee*

**v.**

### Mathew A. BUJANSZKI
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 October 2020

————————————

*Military Judge:* Thomas J. Alford.

*Approved sentence:* Bad-conduct discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 29 January 2019 by GCM convened at Grand Forks Air Force Base, North Dakota.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Major Dayle P. Percle, USAF; Major Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

Senior Judge POSCH delivered the opinion of the court, in which Judge RICHARDSON and Judge MEGINLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

POSCH, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to the terms of a pretrial agreement (PTA), of one specification each of wrongful distribution, possession, and transportation of child pornography,[1] and obstructing justice, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 134.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. At action, the convening authority disapproved the reprimand, and in accordance with the sentencing limitation in the PTA, approved only 15 months of confinement and the remaining components of the sentence.

On appeal, Appellant personally identifies one issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and "requests that the conviction and sentence be set aside": whether the convening authority abused her discretion "by denying Appellant's request to defer adjudged forfeitures of pay for the benefit of his dependents."[3] We also consider a second issue: whether Appellant's sentence is inappropriately severe in light of Appellant's statements of fact in a post-trial declaration submitted to this court after the convening authority took action on the sentence.

We find no error and affirm the findings and the sentence.

## I. BACKGROUND

Appellant's convictions are founded on his conduct in posting four images and two videos containing child pornography to a publicly available Internet website. After Appellant's conduct came to the attention of agents of the Air

---

[1] Appellant was found guilty of one specification of transporting child pornography using a means of interstate commerce. *See* 18 U.S.C. § 2252A(a)(1).

[2] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[3] The single issue Appellant raises in accordance with *Grostefon* claims that "THE CONVENING AUTHORITY ABUSED THEIR [SIC] DISCRETION BY DENYING APPELLANT'S REQUEST TO DEFER ADJUDGED FORFEITURES OF PAY FOR THE BENEFIT OF HIS DEPENDENTS." Although not consequential to resolving Appellant's claim, the personal data sheet admitted in the sentencing hearing shows Appellant had no dependents, a fact that counsel for both parties acknowledged on the record was correct because Appellant's wife, an enlisted Airman, was not Appellant's dependent.

Force Office of Special Investigations who questioned Appellant, Appellant deleted the email account that was associated with the website.

The day before Appellant's trial and sentencing, he was advised of his right to request deferment of forfeitures of his pay and allowances in a memorandum prepared by his trial defense counsel. The memorandum was marked as an appellate exhibit and, upon inquiry by the military judge, Appellant acknowledged receipt of the memorandum on the record. After trial, Appellant was again advised of his right to request deferment of his sentence, including deferment of forfeitures of pay and allowances, from the convening authority.

On 20 March 2019, Appellant submitted his request for clemency to the convening authority. Appellant did not request deferment of forfeitures in that request. Additionally, there was no provision in the PTA whereby the convening authority agreed to defer any component of Appellant's sentence. The convening authority took action on 26 March 2019 without having received any request for deferment of forfeitures from Appellant personally or from the trial defense counsel who represented Appellant during the post-trial processing of Appellant's case.

After action, Appellant submitted an undated declaration to this court that describes the financial, social, and psychological consequences of his conviction and sentence on his wife, Airman First Class (A1C) DB. Appellant also describes other hardships he and A1C DB endured after his court-martial that were not obviously tied to his conviction and sentence. Appellant observes, "It is unfair that my wife has had to go through so much when she had absolutely nothing to do with my crime, nor has she done anything wrong." Appellant's declaration explains, "Had the Convening Authority at my court martial granted my wife[, A1C DB,] my financial deferment, I believe she would've been in a better position to deal with her financial issues, resulting in less stress, better health, and better duty performance."

In Appellant's motion to attach his declaration to the appellate record, Appellant's appellate defense counsel explains that the declaration "serves as [Appellant's] statement as to the facts and circumstances" supporting the matters raised "pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982)."

## II. DISCUSSION

### A. Deferment

#### 1. Law

Article 57(a)(2), UCMJ, 10 U.S.C. § 857(a)(2), provides in part: *"[o]n application by an accused*, the convening authority may defer a forfeiture of pay or

allowances . . . until the date on which the sentence is approved by the convening authority." (Emphasis added). Similarly, Rule for Courts-Martial (R.C.M.) 1101(c)(2) provides:

> *Who may defer.* The convening authority or, if the accused is no longer in the convening authority's jurisdiction, the officer exercising general court-martial jurisdiction over the command to which the accused is assigned, may, *upon written application of the accused*, at any time after the adjournment of the court-martial, defer the accused's service of a sentence to confinement, forfeitures, or reduction in grade that has not been ordered executed.

(Second emphasis added).

### 2. Analysis

In the record before us, Appellant did not request deferment of forfeitures before the convening authority took action on his sentence. If the sole question presented for this court's review is whether the convening authority erred in failing to grant Appellant's request for deferment, the answer is that there was no error because there was no request. There is no legal requirement, much less legal authority, for a convening authority to defer forfeitures without application of an accused. Article 57(a)(2), UCMJ; R.C.M. 1101(c)(2).

Even if we were to consider Appellant's undated declaration as intended by Appellant as a request for deferment, the convening authority has no power to consider it. Once action is taken and Appellant's case is docketed with this court and subject to our Article 66, UCMJ, 10 U.S.C. § 866, review, the convening authority no longer has jurisdiction over the matter. In *United States v. Montesinos*, the United States Court of Appeals for the Armed Forces (CAAF) articulated that, in a case subject to Article 66, UCMJ, review, "the convening authority loses jurisdiction of the case once he has published his action . . .; and from that point on, jurisdiction is in the [appellate court]. The only further contact that the convening authority has with the case occurs in the event of a remand . . . ." 28 M.J. 38, 42 (C.M.A. 1989). Thus, we decline to consider Appellant's undated declaration as a request for deferment because it was not submitted to the convening authority for consideration before action was taken on the sentence.

### B. Post-trial Declaration

Appellant does not contend that his sentence is inappropriately severe. However, in support of Appellant's claim that the convening authority erred by failing to grant, *sua sponte*, a deferment of Appellant's pay, Appellant puts forward an additional contention in his *Grostefon* brief that this court rely on

the information Appellant includes in his post-trial declaration to determine if Appellant's sentence is inappropriately severe:

> Under Article 66, UCMJ, a Court of Criminal Appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." *United States v. Bowhall*, [No. 20170357,] 2019 CCA LEXIS 67[, at *12] (A. Ct. Crim. App. [13 Feb.] 2019) [(unpub. op.) (quoting Article 66(c), UCMJ, 10 U.S.C. § 866(c)), *rev. denied*, 79 M.J. 224 (C.A.A.F. 2019)]. *As such, [this court] must consider [A]ppellant's post-trial submissions in our review.* "[S]entence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves[. C]lemency involves bestowing mercy—treating an accused with less rigor than he deserves . . . ." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

(Emphasis added). We consider, then, whether Article 66(c), UCMJ, countenances consideration of information in Appellant's post-trial declaration as part of our review for sentence appropriateness.[4] We conclude that this court lacks the authority to consider Appellant's declaration for this purpose.

### 1. Law

We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In *United States v. Jessie*, the CAAF observed that some of the court's precedents hold that Courts of Criminal Appeals (CCAs) "may consider only what

---

[4] We consider this issue even though Appellant's appellate defense counsel who assisted Appellant with his *Grostefon* submission did not comply with the form for submission of such issues. *See* JT. CT. CRIM. APP. R. 18(b) (effective 1 Jan. 2019) ("Issues raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), shall comply with Service Court rules and counsel *shall articulate Grostefon issues with particularity*." (emphasis added)); *see also United States v. Healy*, 26 M.J. 394, 397 (C.M.A. 1988) ("*Grostefon* did not signal abolition of basic rules of appellate practice and procedure.").

is in the record" when reviewing a sentence under Article 66(c). 79 M.J 437, 440 (C.A.A.F. 2020) (citation omitted). The CAAF noted that the leading case for these precedents is *United States v. Fagnan*, 30 C.M.R. 192 (C.M.A. 1961), in which the appellant asked the Army Board of Review to reject his punitive discharge based on "a favorable psychiatric assessment and a favorable report regarding his conduct while in confinement." *Jessie*, 79 M.J. at 441 (citing *Fagnan*, 30 C.M.R. at 193). The Board of Review declined to consider these documents, explaining that because the submission "concerns matters which occurred months after the convening authority acted upon the sentence and forwarded the record of trial, it is not a part of the record subject to review under Article 66." *Id*. (quoting *Fagnan*, 30 C.M.R. at 193). The United States Court of Military Appeals, the predecessor to the CAAF, affirmed, holding that under Article 66(c), UCMJ, "the board of review is expressly restricted by Congress to the 'entire record' in assessing the appropriateness of the sentence." *Id*. (quoting *Fagnan*, 30 C.M.R. at 194). The *Jessie* court reiterated the reasoning in *Fagnan* that "if military justice proceedings are to be 'truly judicial in nature,' then the appellate courts cannot 'consider information relating to the appropriateness of sentences when it has theretofore formed no part of the record.'" *Id*. (quoting *Fagnan*, 30 C.M.R. at 195).

### 2. Analysis

In *Jessie*, our superior court concluded that "*Fagnan* established a clear rule that the CCAs may not consider anything outside of the 'entire record' when reviewing a sentence under Article 66(c), UCMJ." *Id*. (citation omitted). The "entire record"[5] restriction would apply to Appellant's post-trial declaration submitted to this court after the convening authority took action. Thus, we cannot consider Appellant's new statements of fact about the hardships of his conviction and sentence as part of our sentence appropriateness review for the same reason that the Army Board of Review could not consider appellant's psychiatric assessment and confinement report in *Fagnan*.

Following this court's Article 66(c), UCMJ, mandate to approve only so much of a sentence that, "on the basis of the entire record, should be approved," we conclude the record contains no support to grant sentencing relief on the basis of information Appellant submitted in his post-trial declaration after the

---

[5] *See* R.C.M. 1103(b)(2) (contents of the record) and R.C.M. 1103(b)(3) (matters attached to the record). In addition, the "entire record" includes briefs and arguments that appellate counsel and an appellant personally present regarding matters that are already in the record of trial, R.C.M. 1103(b)(2), or have been attached to the record of trial under R.C.M. 1103(b)(3). *See United States v. Jessie*, 79 M.J. 437, 440–41 (C.A.A.F. 2019) (citing *United States v. Healy*, 26 M.J. at 396).

convening authority took action on the sentence that formed no part of the record. We further find Appellant's sentence is appropriate on the basis of the entire record, and thus, in accordance with our statutory mandate, we determine that it should be approved.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court