# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRIAN L. KIMBERLING**
**United States Army, Appellant**

ARMY 20111169

U.S. Army Southern European Task Force
Christopher Fredrikson, Military Judge
Lieutenant Colonel Russell N. Parson, Acting Staff Judge Advocate (pretrial)
Colonel Mark Tellitocci, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Robert N. Michaels, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.2, no response filed.

30 April 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general regulation and aggravated assault, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Contrary to the terms of a pretrial agreement limiting confinement to seven months, the convening authority approved the sentence as adjudged.  Appellant was credited with 129 days of confinement against his sentence to confinement.

Appellant personally submits matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), but otherwise assigns no errors for our review under Article 66, UCMJ.  We find appellant's *Grostefon* submissions lack merit.  However, in conducting our review, we find one error necessitating discussion and relief.

The convening authority erred by approving a sentence to confinement in excess of a sentence limitation contained in the pretrial agreement. In this case, appellant offered to plead guilty to the charged offenses, and in exchange, the convening authority agreed to a seven-month limitation on confinement. Despite this agreement, the convening authority approved a sentence including confinement for eighteen months. A pretrial agreement is a contract between the accused and the convening authority, and the convening authority is bound by the terms of that agreement. *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009). "Whether the government has complied with the material terms and conditions of an agreement presents a mixed question of law and fact." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citing *Hometown Financial, Inc. v. United States*, 409 F.3d 1360, 1369 (Fed. Cir. 2005); *Gilbert v. Dep't of Justice*, 334 F.3d 1065, 1071 (Fed. Cir. 2003)). "[A]ppellant bears the burden of establishing that the term is material and that the circumstances establish governmental noncompliance." *Smead*, 68 M.J. at 59. In this case, it is evident that the convening authority failed to abide by a material term of the pretrial agreement by erroneously approving eighteen months of confinement.

"In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Id*. Here, we conclude that the appropriate remedy is to reduce appellant's confinement such that it coincides with the bargained-for term contained within his pretrial agreement. *See* UCMJ art. 66; *United States v. Scott*, 4 M.J. 205, 206 (C.M.A. 1978).

## CONCLUSION

On consideration of the entire record, including the issues personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty are correct in law and fact. Therefore, we affirm the findings of guilty. Based on the reasons outlined above, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for seven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2