Judge GIERKE
delivered the opinion of the Court.
A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of larceny of government currency, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The adjudged and approved sentence provides for a bad-conduct discharge and confinement for 6 months. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.
This Court granted review of the following issues:
I
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED *477 WHEN IT HELD THAT ARTICLE 66(c), UCMJ, 10 USC § 866(c), DID NOT GIVE THE COURT AUTHORITY TO REVIEW APPELLANT’S ASSIGNED ERROR CONCERNING THE CRUEL AND UNUSUAL PUNISHMENT HE SUFFERED AT THE HANDS OF DYESS AIR FORCE BASE CONFINEMENT FACILITY GUARDS.
II
WHETHER APPELLANT WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT AND ARTICLE 55 OF THE UCMJ, 10 USC § 855, WHEN GUARDS AT THE MILITARY CONFINEMENT FACILITY REPEATEDLY MISTREATED HIM AND OTHER CONFINEES AND PLACED HIM IN FEAR FOR HIS PERSONAL SAFETY.
For the reasons set out below, we set aside the lower court’s opinion and remand for further action.

Factual Background

On June 25, 1996, a general court-martial at Kadena Air Force Base (AFB), Japan, convicted appellant of offenses unrelated to this appeal. Appellant’s approved sentence from the Kadena court-martial included confinement for 3 years. He was confined at the Naval Consolidated Brig at Miramar, San Diego, California.
On April 7,1998, a general court-martial at Dyess AFB, Texas, convicted appellant of the offenses listed above. At some time before his trial at Dyess AFB, appellant was transferred from Miramar to the Dyess AFB confinement facility. His treatment at Dyess AFB after his second court-martial is the basis for the granted issues.
Before the Court of Criminal Appeals, appellant asserted that when he first arrived at the Dyess confinement facility, he was forced to stand at attention for approximately 30 minutes while his escorts were given a tour of the facility. During his in-processing, his personal belongings were “dumped and inventoried.” The guards continuously cursed at him and threatened him. He was forced to remove all his clothing and stand at attention for 30 minutes while the guards “screamed, cursed at, and ridiculed” him. He was addressed as “you little bitch.”
Appellant asserted that during his first 72 hours of confinement, while in administrative segregation, guards cursed and screamed at him, called him “many humiliating names,” and strewed his personal belongings “all over the area.” He asserted that he was awakened at 5:00 a.m. and not allowed to sleep until 9:00 p.m., and that on one occasion he was forced to remake his bed “at least 10 times.” Finally, appellant asserted that he and other prisoners were forced to perform personal services for inmate staff, forced to intimidate new inmates, subjected to “shortened meals and showers,” subjected to “repeated comments of a highly embarrassing and sexually explicit nature,” addressed as “bitch,” and put in “fear that others would rape them.” The Government did not contest appellant’s allegation regarding the fear of rape in its brief or at oral argument.
The court below, 2000 WL 770570, stated that it was “appalled by the treatment alleged by this appellant.” Unpub. op. at 2. However, it held that it had no authority to review appellant’s complaint because the mistreatment was not a part of the approved sentence, nor was it raised in appellant’s clemency request to the convening authority.

Discussion

Appellant argues that the court below took an “unnecessarily restrictive” view of its authority under Article 66(c), UCMJ, 10 USC § 866(c), to adjudicate claims of cruel and unusual punishment. He asserts that the “sadistic conduct” of the guards at the Dyess AFB confinement facility “so offended contemporary standards of decency that there is no doubt ... [he] was subjected to cruel and unusual punishment in violation of Article 55, UCMJ, and the Eighth Amendment.” Final Brief at 5.
The Government makes a three-pronged argument. First, it argues the court below correctly concluded that it lacked jurisdiction to review appellant’s claims. Second, it ar *478 gues that, even if the court below had jurisdiction, appellant failed to exhaust his administrative remedies. Finally, it argues that appellant was not subjected to cruel and unusual punishment. Answer to Final Brief at 2.
This Court addressed the jurisdictional issue in United States v. White, 54 MJ 469 (2001). In White, we expressly held that “we have jurisdiction under Article 67(c) to determine on direct appeal if the adjudged and approved sentence is being executed in a manner that offends the Eighth Amendment or Article 55.” 54 MJ at 472. We also held that our authority under Article 67(c) “includes authority to ensure that the severity of the adjudged and approved sentence has not been unlawfully increased by prison officials!;.]” Id.
In addition to its duty and authority to review sentence appropriateness, a Court of Criminal Appeals also has the duty and authority under Article 66(c) to determine whether the sentence is correct “in law.” This authority under Article 66(c) is virtually identical to our Court’s authority to review the sentence under Article 67(c). Accordingly, we hold that the Court of Criminal Appeals erred when it concluded that it lacked authority to review appellant’s claims.
In White, we found it unnecessary to remand the case to the Court of Criminal Appeals because the facts asserted, even if true, did not amount to a violation of Article 55 or the Eighth Amendment. Unlike White, we are unable to resolve this case on the basis of appellant’s assertions.
In the first place, we cannot determine if appellant exhausted his administrative remedies. It appears that appellant may have arrived at Dyess AFB and undergone the initial in-processing and administrative segregation mentioned in his complaint before the court-martial convened. Appellant did not request relief from the military judge at his second court-martial. Appellate defense counsel informed this Court at oral argument that appellant did not tell his defense counsel about the conditions of his confinement. Appellant states that he complained to a chaplain, the confinement facility superintendent, and his Congressman. The record does not reflect whether the facility commander or the convening authority was aware of appellant’s complaints. The record also does not reflect whether appellant filed a complaint under Article 138, UCMJ, 10 USC § 938, or the prisoner-grievance system. We cannot determine on this record whether any of these factors, individually or in conjunction with other evidence, provides a basis for deciding whether appellant exhausted available remedies.
In White, we found it unnecessary to determine if the appellant exhausted his administrative remedies because the alleged mistreatment did not amount to a violation of Article 55 or the Eighth Amendment. See also United States v. Sanchez, 53 MJ 393 (2000) (verbal sexual harassment did not rise to level of cruel and unusual punishment). We cannot make that determination in this case without further clarification of appellant’s complaints. For example, appellant states, “We were also subjected to shortened meals and showers,” suggesting that some inmates may have been deprived of food and basic hygienic needs, but he provides no details and does not specifically claim that he was deprived of food or hygienic needs. Appellant also asserts that the guards “made people fear that others would rape them,” but he does not state whether he was threatened with rape or whether he was forced to threaten other inmates with rape. In its brief and at oral argument, the Government did not contest appellant’s allegations. Government counsel conceded at oral argument that appellant’s allegation regarding threats of rape was susceptible of different interpretations, and it conceded that further factfinding might be necessary to determine if appellant’s fear of rape was only a generalized fear of rape or the result of a specific threat by a guard or another prisoner.
We cannot determine on this record whether appellant’s mistreatment rose to the level of a violation of the Eighth Amendment or Article 55. Further factfinding is necessary to determine if appellant’s fear of rape was merely the sort of generalized fear that might prevail at any confinement facility, if *479 the fear of rape resulted from specific threats by the guards or other prisoners to rape appellant, or if the guards were deliberately indifferent to threats of rape or attempted rape among the confinees.

Decision

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals. That court will conduct whatever factfinding is required, including a hearing in accordance with United States v. Ginn, 47 MJ 236 (1997), if necessary. It will determine whether appellant satisfied the requirement to exhaust his administrative remedies, review the merits of appellant’s claims under Article 66(c), and determine what relief, if any, is appropriate. Thereafter, Article 67 will apply.