*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

────────────────

### UNITED STATES
Appellee

**v.**

### Kalab D. WILLMAN, Staff Sergeant
United States Air Force, Appellant

### No. 21-0030
Crim. App. No. 39642

Argued April 20, 2021—Decided July 21, 2021

Military Judge: John C. Degnan

For Appellant: *Major Megan E. Hoffman* (argued); *Mark C. Bruegger,* Esq. (on brief).

For Appellee: *Captain Cortland T. Bobczynski* (argued); *Lieutenant Colonel Matthew J. Neil* and *Mary Ellen Payne,* Esq. (on brief).

Judge HARDY delivered the opinion of the Court, in which Chief Judge STUCKY and Judge MAGGS joined. Judge SPARKS filed a dissenting opinion, in which Judge OHLSON joined.

────────────────

Judge HARDY delivered the opinion of the Court.

In general, Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2012), restricts appellate review performed by the Courts of Criminal Appeals (CCAs) to consideration of the "entire record" of the case before them.[1] This Court has held, however, that the CCAs have authority to consider evidence entirely outside the record when considering an appellant's cruel and unusual punishment claims

───────

[1] This case was referred to court-martial prior to January 1, 2019, and thus all post-trial procedures were performed in accordance with the 2016 edition of the *Manual for Courts-Martial, United States* (*MCM*). All references to the UCMJ, Rules for Courts-Martial (R.C.M.), and Military Rules of Evidence (M.R.E.) are to the 2016 edition of the *MCM*.

raised under the Eighth Amendment, U.S. Const. amend. VIII, or Article 55, UCMJ, 10 U.S.C. § 855 (2012). *United States v. Erby*, 54 M.J. 476, 478 (C.A.A.F. 2001). This case presents a question that straddles these two issues: whether the CCAs have authority to consider outside-the-record evidence submitted in support of an appellant's Eighth Amendment or Article 55, UCMJ, claims when performing sentence appropriateness review under Article 66(c), UCMJ. Consistent with the plain language of Article 66(c), UCMJ, and this Court's recent decision in *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020), we conclude that the CCAs do not. Accordingly, we affirm the decision of the United States Air Force Court of Criminal Appeals (AFCCA).

## I. Background

A military judge convicted Appellant, consistent with his pleas, of one specification of indecent recording in violation of Article 120(c), UCMJ, 10 U.S.C. § 920 (2012). Appellant was sentenced to one year of confinement, reduction to E-4, and a dishonorable discharge. During his post-trial confinement, Appellant injured his big toe in a flag football game, an injury for which Appellant now claims the Government failed to provide adequate care. Appellant never filed a formal complaint about the allegedly insufficient care he received with the prison health clinic, the prison administration, his commander, or the convening authority (CA). Appellant also waived his right to submit matters in clemency to the CA. As a result, the record contains no mention of Appellant's toe injury or the subsequent medical treatment he received for that injury. The CA approved the findings and Appellant's sentence as adjudged.

On appeal to the AFCCA, Appellant asserted—for the first time—that the allegedly deficient medical care he received violated his Eighth Amendment and Article 55, UCMJ, rights against cruel and unusual punishment and rendered his sentence inappropriate pursuant to Article 66(c), UCMJ. Appellant detailed the nature of his injury, medical treatment, and post-trial confinement conditions in a declaration, and filed a motion requesting the AFCCA attach his declaration to his assignment of errors. The AFCCA granted the request.

After reviewing Appellant's declaration, the AFCCA determined that Appellant's Eighth Amendment and Article 55, UCMJ, claims did not merit relief. *United States v. Willman*, No. ACM 39642, 2020 CCA LEXIS 300, at *17–20, 2020 WL 5269775, at *7 (A.F. Ct. Crim. App. Sept. 2, 2020) (unpublished). The CCA concluded that, even if the facts asserted in the declaration were true, Appellant failed to meet his burden of establishing that the prison officials improperly administered medical treatment and were deliberately indifferent to his health and safety. *Id.* at *19–20, 2020 WL 5269775, at *7.

Turning to Appellant's Article 66(c), UCMJ, sentence appropriateness claim, the AFCCA concluded that the plain language of Article 66(c), UCMJ, and this Court's decision in *Jessie*, 79 M.J. 437, precluded it from considering Appellant's "outside-the-record" affidavit. 2020 CCA LEXIS 300, at *21–25, 2020 WL 5269775, at *7–9. Concluding that "the record contains no support to grant sentencing relief on the basis of Appellant's claims about the conditions of post-trial confinement," the AFCCA affirmed the sentence as approved by the CA. *Id.* at *25, 2020 WL 5269775, at *9.

We granted review of the following issue: "[w]hether the lower court erred when it ruled that it could not consider evidence outside the record to determine sentence appropriateness under Article 66(c), UCMJ." *United States v. Willman*, 80 M.J. 470 (C.A.A.F. 2020) (order granting review).

## II. Standard of Review

The scope, applicability, and meaning of Article 66(c), UCMJ, is a matter of statutory interpretation that we review de novo. *United States v. Gay*, 75 M.J. 264, 267 (C.A.A.F. 2016) (citing *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015)).

## III. Discussion

Congress specified the jurisdiction and authority of the CCAs in Article 66, UCMJ. The relevant section and applicable version of the article states:

> [T]he Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such

> findings of guilty and the sentence or such part or
> amount of the sentence, as it finds correct in law and
> fact and determines, on the basis of the entire rec-
> ord, should be approved.

Article 66(c), UCMJ. At first glance, these two sentences sug-
gest that the CCA's role is straightforward—to review an ap-
pellant's findings and sentence as approved by the convening
authority based on the "entire record." But as we recently
acknowledged in *Jessie*, this Court's various precedents re-
garding the scope of the CCA's review of the "entire record"
can be difficult to reconcile. 79 M.J. at 443. Nevertheless, the
Court in *Jessie* explained how those cases should be under-
stood. *Id.* at 441–45 (reviewing in detail the Court's prece-
dents analyzing Article 66(c), UCMJ).

The Court began by reaffirming long-standing precedent
from *United States v. Fagnan*, 12 C.M.A. 192, 193, 30 C.M.R.
192, 193 (1961), which "established a clear rule that the CCAs
may not consider anything outside of the 'entire record' when
reviewing a sentence under Article 66(c), UCMJ." *Jessie*, 79
M.J. at 441 (citing Edward S. Adamkewicz Jr., *Appellate Con-
sideration of Matters Outside the Record of Trial*, 32 Mil. L.
Rev. 1, 16 (1966)). In *Fagnan*, the intermediate appellate
court—then the Army Board of Review—declined to consider
two outside-the-record documents when it assessed the appel-
lant's sentence: a psychiatric report that the Army Board of
Review itself had requested and a letter from a correctional
officer written on the appellant's behalf. 12 C.M.A. at 193, 30
C.M.R. at 193. The Army Board of Review explained that nei-
ther document was " 'part of the record subject to review un-
der Article 66, and should not be considered with respect to
the appropriateness of the sentence as approved by the con-
vening authority.' " *Id.* at 193, 30 C.M.R. at 193 (quoting the
Army Board of Review's opinion).

Although this rule appears strict, the Court clarified in
*Jessie* that "*Fagnan* does not preclude the CCAs from consid-
ering prison conditions when reviewing a sentence under Ar-
ticle 66(c), UCMJ, if the record contains information about
those conditions." 79 M.J. at 441. In addition to permitting
consideration of any materials contained in the "entire rec-
ord," our precedents also authorize the CCAs to supplement
the record to decide any issues that are raised, but not fully

resolved, by evidence in the record. Two of the examples high-lighted in *Jessie* illustrate these points.

First, in *Gay*, 75 M.J. 264, the appellant made a formal clemency complaint about his post-trial confinement conditions to the convening authority prior to the convening authority taking action. Because clemency materials submitted to the convening authority must be attached to the record of trial, R.C.M. 1103(b)(3)(C), and the subsequent action of the convening authority is part of the record of trial, R.C.M. 1103(b)(2)(D)(iv), evidence about the appellant's post-trial confinement conditions were incorporated into the entire record. Thus, the CCA did not abuse its discretion when it considered the appellant's post-trial confinement conditions while exercising its Article 66(c), UCMJ, sentence reassessment authority.

Second, in *United States v. Brennan*, 58 M.J. 351, 352–53 (C.A.A.F. 2003), the appellant described illegal post-trial punishment that she suffered in a clemency petition that she filed with the convening authority prior to the convening authority taking action. As explained above, those clemency materials were thus part of the entire record and available for consideration by the CCA. In addition to the clemency materials, both the CCA and this Court also considered a subsequent statement that the appellant filed before the Court of Criminal Appeals. *Id.* at 353. In *Jessie*, the Court explained that, because the *Brennan* appellant raised the issue in her clemency materials, the CCA's review of her outside-the-record statement was consistent with this Court's long practice of using " 'extra-record fact determinations' " to resolve certain appellate questions. 79 M.J. at 442–43 (quoting *United States v. Parker*, 36 M.J. 269, 272 (C.M.A. 1993)).

Finally, in *Jessie*, the Court recognized a significant exception to the *Fagnan* rule set forth in this Court's precedents: the CCAs may consider materials completely outside of the "entire record" when determining whether the manner of execution of an accused's sentence violates either the Eighth Amendment or Article 55, UCMJ. *Id.* at 443 (citing *Erby*, 54 M.J. at 479 (ordering factfinding into the appellant's cruel and unusual punishment claim raised for the first time before the CCA) and *United States v. Pena*, 64 M.J. 259, 266–67 (C.A.A.F. 2007) (reviewing the appellant's outside-the-record

declaration to decide his cruel and unusual punishment claim on the merits)). Acknowledging the significant tension between *Fagnan* and cases like *Erby* and *Pena*, this Court in *Jessie* decided to apply *Fagnan* and "cabin[]" precedents like *Erby* and *Pena* to their express holdings. *Jessie*, 79 M.J. at 444–45 (concluding that "the practice of considering material outside the record should not be expanded beyond the context of Article 55, UCMJ, and the Eighth Amendment").

Despite the Court's careful analysis of our precedents interpreting the scope of the CCAs' Article 66(c), UCMJ, authority in *Jessie*, this case presents a novel fact pattern that is not squarely on point with the precedents described above. Here, unlike in *Gay* or *Brennan*, Appellant did not raise his complaints about his post-trial confinement conditions until his appeal to the AFCCA. Appellant's declaration was thus outside-the-record and, under *Fagnan*, the AFCCA had no authority to review it for the purpose of assessing Appellant's sentence. However, under the *Fagnan* rule exception, the AFCCA did have authority to consider the Appellant's outside-the-record declaration for the purpose of evaluating Appellant's Eighth Amendment and Article 55, UCMJ, claims. The critical question then is once the AFCCA considered Appellant's outside-the-record declaration to decide his cruel and unusual punishment claims, could it also consider the declaration to perform its Article 66(c), UCMJ, sentence appropriateness review?

Although we acknowledge that reasonable arguments can be made to the contrary, we agree with the AFCCA that it could not consider Appellant's outside-the-record affidavit. Forced to choose between strictly enforcing the *Fagnan* rule and further expanding the exceptions to that rule that this Court has created for cruel and unusual punishment claims, we elect to apply *Fagnan*. Our reasoning mirrors that of the Court in *Jessie* when it expressly declined to extend the holdings of *Erby* and *Pena* beyond the context of the Eighth Amendment and Article 55, UCMJ, claims. *Jessie*, 79 M.J. at 444 ("[W]e believe that *Fagnan* rather than *Erby* should control in this case.").

The *Fagnan* rule is derived from the plain language of the statute, which states that the CCAs may only act "on the basis

of the entire record" when performing sentence appropriateness review under Article 66(c), UCMJ. *See Fagnan*, 12 C.M.A. at 195, 30 C.M.R. at 195 ("[W]e cannot ignore the plain words of the statute involved."). As we noted in *Jessie*, this Court's precedents establishing exceptions to the *Fagnan* rule, such as *Erby* and *Pena*, neither discuss Article 66(c)'s express "entire record" restriction nor wrestle with the Court's seemingly contrary holding in *Fagnan*. *Jessie*, 79 M.J. at 444. Presumably, because the Court believed that the CCAs had a "duty" to determine on direct appeal whether the appellant's sentence was being executed in a manner that offends the Eighth Amendment or Article 55, UCMJ, *Erby*, 54 M.J. at 478, the Court was unconcerned about whether the evidence about an appellant's post-trial confinement appeared in the entire record or was proffered for the first time on appeal. As the Court has long recognized, facts concerning an appellant's "post-trial confinement can rarely, if ever, be made the subject of a brief by trial defense counsel or otherwise made a part of the 'entire record.' " *Fagnan*, 12 C.M.A. at 195, 30 C.M.R at 195. Accordingly, to whatever extent Article 66(c), UCMJ, imposes a duty to review all cruel and unusual punishment claims on the CCAs, it would make no sense to restrict that review to matters within the "entire record."

But it does not logically follow that just because this Court has permitted the CCAs to review outside-the-record materials to decide Eighth Amendment and Article 55, UCMJ, claims, we must also authorize the CCAs to consider those materials when they perform Article 66, UCMJ, sentence appropriateness review. To conclude otherwise would create a broad, extra-statutory exception that would potentially swallow the text-based *Fagnan* rule. Any savvy appellant who wished to supplement the record with outside-the-record materials would have an incentive to do so by raising Eighth Amendment or Article 55, UCMJ, claims—regardless of their merit.

Appellant argues that we can trust the CCAs to be the gatekeepers of the "entire record," admitting only those materials that are relevant to an appellant's cruel and unusual punishment claims. But we see no reason to impose a greater burden on the CCAs to adjudicate arguments over whether outside-the-record materials are relevant to an appellant's

Eighth Amendment or Article 55, UCMJ, claims both by encouraging appellants to bring such claims and by raising the consequences of such a determination. Further, there is a wide range of outside-the-record materials about an appellant's post-trial confinement that would be relevant to such claims (given the low bar for demonstrating relevancy) without coming anywhere near establishing a right to relief. Appellant does not explain why it would be just to consider those materials when the CCAs assess the sentence of an appellant who makes an Eighth Amendment or Article 55, UCMJ, claim but not to review the same materials for a similarly situated appellant who does not assert those claims.

It is probably true that we could mandate—and the CCAs would ably execute—a complicated scheme to litigate these issues and parse through an appellant's proffered evidence, admitting only the relevant and necessary parts and rejecting the rest, but nothing in the text of Article 66(c), UCMJ, supports such a scheme. The fact that such a scheme would be necessary raises questions not about the *Fagnan* rule, which is based on the plain text of Article 66(c), UCMJ, but on our precedents creating exceptions to the rule. As this Court's recent decision in *United States v. Guinn*, __ M.J. __, __ (14) (C.A.A.F. 2021), acknowledged, arguments can be made that this Court's decisions in cases like *Erby* and *Pena* "are not properly predicated on the plain language of that statute." *See also id.* at __ (2) (Maggs, J, concurring) ("I agree with the Court that it may be argued, from the plain meaning of its text, that Article 66(c), UCMJ, does not give a CCA jurisdiction to address post-trial confinement conditions that are not part of the approved sentence."). Given these issues, we conclude that the correct approach here is to adhere to the rule announced in *Fagnan* rather than to further expand the exception set forth in cases like *Erby* and *Pena*.

Appellant argues that this result creates an incongruity, with the CCAs having the authority to review outside-the-record materials for some purposes, but not for others. We acknowledge that this Court's Article 66(c), UCMJ, precedents have created an odd paradigm, but we do not believe that oddness justifies further deviation from the plain text of Article 66(c), UCMJ. The practice of considering evidence for some purposes but not for others is not foreign to

American courts. *See* Fed. R. Evid. 105 advisory committee's note to the 1972 proposed rules (recognizing the practice of "admitting evidence for a limited purpose"); *see also* David P. Leonard, *The New Wigmore: A Treatise On Evidence: Selected Rules Of Limited Admissibility* § 1.6.1 (3d ed. 2019) (examining situations where evidence is logically relevant for more than one purpose but admissible only for one). There is no legal reason why the same practice cannot be applied here. In any case, complete resolution of the incongruities in our Article 66(c), UCMJ, precedents is not before us. As was the case in *Jessie*, the question here "is not whether we must follow one line of precedent and completely reject another, but instead only whether we should expand recent precedents like *Erby* into new contexts when this step would further erode older precedents like *Fagnan*." 79 M.J. at 444 n.9. Again, we decline to do so.

Finally, Appellant also argues that when the CCA granted his motion to attach his outside-the-record declaration as an appendix to his assignment of errors, the declaration became part of the "entire record," so the *Fagnan* rule should not apply. We disagree. Even after the CCA granted Appellant's motion, his declaration about his post-trial confinement conditions is neither part of the record of trial under R.C.M. 1103(b)(2), nor does it qualify as a matter attached to the record of trial under R.C.M. 1103(b)(3). And because Appellant waived his right to submit this matter for clemency to the convening authority, the "entire record" contains nothing about this issue, and thus the briefs and arguments that he and his counsel submitted are not "allied papers" because they do not address a matter in the record of trial. *Jessie*, 79 M.J. at 440–41 (internal quotation marks omitted) (citation omitted). In *Jessie*, this Court described cases like *Erby* and *Pena* as allowing "the CCAs to consider materials *outside the 'entire record'* when reviewing issues that were not raised by anything in the record." *Id.* at 443 (emphasis added). This Court has never held, or even suggested, that outside-the-record materials considered to resolve an appellant's cruel and usual punishment claims became part of the entire record. We decline to do so in the present case.

## IV. Decision

For the reasons described above, we conclude that the CCA did not err when it held that it could not consider evidence outside the record to determine sentence appropriateness under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012), even when it had already considered that evidence to resolve Appellant's Eighth Amendment and Article 55, UCMJ, 10 U.S.C. § 855 (2012), claims. The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judge SPARKS, with whom Judge OHLSON joins, dissenting.

I must dissent from the majority's viewpoint that *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020), and *United States v. Fagnan*, 12 C.M.A. 192, 30 C.M.R. 192 (1961), preclude the lower court's review of the appropriateness of Appellant's sentence pursuant to Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2012), where Appellant raised his Eighth Amendment and Article 55, UCMJ, 10 U.S.C. § 855 (2012), claims for the first time on appeal and the lower court granted a motion to attach documents relevant to such allegations.

In *Jessie*, we held that other than claims of punishment in violation of the Eighth Amendment or Article 55, UCMJ, Article 66(c), UCMJ, does not authorize the lower court to "consider materials outside the 'entire record' when reviewing issues that were not raised by anything in the record." 79 M.J. at 443. I disagreed with this holding and would reiterate as I did in my dissent in *Jessie*, that "the courts of criminal appeals are bound, under Article 66, UCMJ, to consider any colorable constitutional claim related to sentence appropriateness even if that requires review of documents outside the record of trial." *Id*. at 448 (Sparks, J., dissenting).

Putting my continued disagreement aside, I note that neither *Jessie* nor *Fagnan* discussed sentence appropriateness review in the context of declarations attached to the record for the purpose of deciding Eighth Amendment and Article 55, UCMJ, allegations. An analogous situation arose in *United States v. Healy*, 26 M.J. 394 (C.M.A. 1988), where this Court commented in a footnote:

> If there is evidence of insanity after the trial has been completed and the convening authority has acted, the Court of Military Review can receive psychiatric information relevant to mental competence to stand trial, to cooperate with the appeal, or mental responsibility for the crime itself. Once admitted for this purpose, the information would be in the "record" and presumably could be used by the Court of Military Review in performing its task of determining what sentence is appropriate.

*Id*. at 397 n.6 (citation omitted). In my view, the same outcome should occur in this case. Once the lower court attached to the record Appellant's declarations in support of his Article 55, UCMJ, and Eighth Amendment claims, this information became part of the record and the lower court was required to consider this information in performing its Article 66(c), UCMJ, review. Furthermore, the majority is ignoring Rule 23(b) of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, which was promulgated pursuant to Article 66(f), UCMJ. This rule authorizes the lower courts to attach documents to the record, which is precisely what was done in this case. Yet, the majority states that Appellant's declaration is not part of the entire record because it does not fall within Rule for Courts-Martial (R.C.M) 1103(b)(2) or R.C.M. 1103(b)(3). It would appear, however, when the lower court attached these documents they became part of the record under Rule 23(b) of the Joint Rules of Appellate Procedure. The majority fails to account for this rule.

Article 66, UCMJ, is the central source of the lower court's authority to review any issue, to include alleged violations of the Eighth Amendment and Article 55, UCMJ. It seems odd for the majority to hold that, under *Jessie* and *Fagnan*, the lower court has jurisdiction to review alleged violations of the Eighth Amendment and Article 55, UCMJ, based on material that was once outside the original record of trial until attached to the record by the lower court, but does not have jurisdiction to consider that same material for Article 66(c), UCMJ, sentence appropriateness review. By holding that these documents are outside the record, the majority's new rule violates the mandate in Article 66(c), UCMJ, to consider the "entire record" when affirming "such part or amount of the sentence." Notwithstanding the majority's view that they are adhering to the plain text of the statute, a contrary view emerges from my reading of the Court's opinion. In my view, the majority is, in essence, ignoring the law and refusing to acknowledge the congressional delegation to the Judge Advocates General. Moreover, the majority's view sets up the odd situation in this and future cases where documents that are obviously part of the record are, curiously, simultaneously outside "the entire record."

For the foregoing reasons I must respectfully dissent.