# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39676 (rem)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**D'Andre M. JOHNSON**
Second Lieutenant (O-1), U.S. Air Force, *Appellant*

————————————

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 19 July 2022

————————————

*Military Judge:* W. Shane Cohen.

*Approved Sentence*: Dismissal, confinement for 10 years, and forfeiture of all pay and allowances. Sentence adjudged 1 December 2018 by GCM convened at Moody Air Force Base, Georgia.

*For Appellant*: Major Sara J. Hickmon, USAF; Mark C. Bruegger, Esquire; Catherine M. Cherkasky, Esquire.

*For Appellee*: Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Anne M. Delmare, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges*.

Judge RICHARDSON delivered the opinion of the court, in which Senior Judge POSCH joined. Judge MEGINLEY filed a separate opinion, dissenting in part and in the result.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RICHARDSON, Judge:

Contrary to his pleas, a general court-martial composed of officer members convicted Appellant of one specification of sexual assault of AM, by penetrating AM's vulva with his penis while AM was incapable of consenting to the sexual act due to impairment by alcohol, and one specification of sexual assault of MP, by penetrating her vulva with his finger by causing MP bodily harm, both in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] The panel sentenced Appellant to a dismissal, confinement for ten years, and forfeiture of all pay and allowances. The military judge credited Appellant with 138 days against his sentence for time Appellant spent in pretrial confinement. The convening authority approved the sentence as adjudged.

## I. BACKGROUND

On initial appeal, Appellant contended, *inter alia*, that he suffered cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution[2] and Article 55, UCMJ, 10 U.S.C. § 855, due to inhumane and dangerous conditions and mistreatment while in post-trial confinement. In a related claim, Appellant contended that the conditions of his post-trial confinement render his sentence inappropriately severe. Considered together, the claims sought relief under this court's authority to affirm "the sentence or such part or amount of the sentence" as we "find[ ] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c).

In *United States v. Johnson*, No. ACM 39676, 2020 CCA LEXIS 364 (A.F. Ct. Crim. App. 16 Oct. 2020) (unpub. op.), *rev'd and remanded in part*, 81 M.J. 451 (C.A.A.F. 2021) (mem.), we found Appellant failed to meet his burden that he was subjected to cruel or unusual punishment, and we concluded that he was not entitled to relief under the Eighth Amendment or Article 55, UCMJ. In particular, we found Appellant did not demonstrate deliberate indifference of prison officials, exhaustion of the prisoner-grievance system, or that he petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938. *Johnson*, unpub. op. at *54; *see also United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006). We "also considered whether Appellant's assertions [regarding his post-trial confinement conditions] warrant sentence relief under our Article 66(c), UCMJ, authority," without considering Appellant's extra-record matters, and found Appellant's sentence was appropriate. *Id.*, unpub. op. at *55, *56 n.12.

---

[1] All references in this opinion to the UCMJ, Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] U.S. CONST. amend. VIII.

Finding no errors that materially prejudiced Appellant, we affirmed the findings and sentence.

Appellant petitioned the United States Court of Appeals for the Armed Forces (CAAF) to review his case, and the CAAF granted that petition on the following issue:

> During clemency, Appellant detailed the deplorable conditions of his post-trial confinement. On appeal, he provided supplementary information on these conditions to support his claims of cruel and unusual punishment and to seek sentence relief. Did the lower court err when it decided it could not consider this supplementary evidence for its sentence appropriateness review?[3]

*United States v. Johnson*, 81 M.J. 229, 229–30 (C.A.A.F. 2021).

The CAAF summarily disposed of the issue, affirming our decision as to findings but reversing it as to sentence. *Johnson*, 81 M.J. at 452. The CAAF "note[d] that in its sentence appropriateness review, the United States Air Force Court of Criminal Appeals erred in failing to consider additional information about Appellant's post-trial confinement conditions even though Appellant had raised the matter in his clemency response to the convening authority." *Id.* The CAAF returned Appellant's record of trial "to the Judge Advocate General of the Air Force for further review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866." *Id.* This is that review.

After his case was again docketed with this court, Appellant identified three assignments of error: (1) the conditions of his post-trial confinement render his sentence inappropriately severe, warranting sentence appropriateness relief; (2) he was entitled to a unanimous verdict at trial; and (3) the conditions of his post-trial confinement represented cruel and unusual punishment, warranting sentence relief.[4] Having considered the additional information about Appellant's post-trial confinement conditions, we conclude that relief is not warranted under the first assignment of error.

---

[3] The CAAF granted an additional issue unrelated to this remand.

[4] Appellant personally raised issues (2) and (3) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant raised issue (2) for the first time after his case was remanded for further review; he did not raise it at trial or earlier on appeal to this court. We addressed issue (3) in our previous opinion, and find no cause to alter our conclusions. We find issues (2) and (3) do not warrant further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## II. DISCUSSION

In *Johnson*, this court noted that "[a]lthough we have great discretion to determine whether a sentence is appropriate, we have no authority to grant mercy." Unpub. op. at \*56 (citing *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010)). We added the following footnote:

> Although we exercise our authority to consider outside-the-record matters to determine if Appellant's sentence is correct in law under Article 55, UCMJ, and the Eighth Amendment, *see United States v. Erby*, 54 M.J. 476, 478 (C.A.A.F. 2001), we are precluded from considering additional information about those conditions that Appellant presents in his post-trial statement of facts to determine if his sentence is appropriate and "should be approved" as part of our Article 66(c), UCMJ, review. *See United States v. Jessie*, 79 M.J 437, 441 (C.A.A.F. 2020).

*Johnson*, unpub. op. at \*56 n.12. The CAAF found we erred by not considering this additional information in our sentence-appropriateness review because "Appellant had raised the matter in his clemency response to the convening authority." *Johnson*, 81 M.J. at 452; *see also United States v. Willman*, 81 M.J. 355, 359–60 (C.A.A.F. 2021) (finding that outside-the-record declarations about post-trial confinement conditions may be considered in an Article 66(c), UCMJ, sentence appropriateness review when an appellant raised the issue to the convening authority during clemency).

We consider all of Appellant's assertions regarding post-trial confinement conditions and whether relief is warranted under Article 66(c), UCMJ, for sentence appropriateness. Having reviewed all matters presented on this issue, including all post-trial declarations submitted to this court, we find Appellant's sentence was not rendered inappropriately severe by the conditions of his post-trial confinement. Relief is not warranted; the sentence is appropriate and should be approved.

## III. CONCLUSION

In our previous decision, we affirmed the findings of guilty; the CAAF affirmed our decision as to findings. On remand, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the sentence is **AFFIRMED**.

MEGINLEY, Judge (dissenting in part and in the result):

I concur with the majority's opinion in footnote four, *supra*, with respect to Appellant's second assignment of error.

As this opinion notes, the Court of Appeals for the Armed Forces (CAAF) opined that in our sentence appropriateness review, this court erred in "failing to consider additional information about Appellant's post-trial confinement conditions even though Appellant had raised the matter in his clemency response to the convening authority." *United States v. Johnson*, 81 M.J. 451, 452 (C.A.A.F. 2021) (mem.). The CAAF returned this case to our court to consider whether Appellant's assertions regarding post-trial confinement conditions warrant relief under our Article 66(c), UCMJ, 10 U.S.C. § 866(c), review for sentence appropriateness. *Id.* In light of this directive, and now taking into consideration the additional information Appellant provided about his post-trial confinement conditions after he submitted clemency, along with recent developments discussed in more detail below, I find it is worth reevaluating Appellant's third assignment of error: that the conditions of his post-trial confinement represented cruel and unusual punishment.

Since my delivering the opinion of the court in *United States v. Johnson*, No. ACM 39676, 2020 CCA LEXIS 364 (A.F. Ct. Crim. App. 16 Oct. 2020) (unpub. op.), *rev'd and remanded in part*, 81 M.J. 451 (C.A.A.F. 2021) (mem.), three opinions have been released by this court that have led to me to question whether Appellant suffered cruel and unusual punishment, and subsequently, whether he is entitled to any sentence relief. *See United States v. Pullings*, No. ACM 39948, 2021 CCA LEXIS 648 (A.F. Ct. Crim. App. 30 Nov. 2021) (unpub. op.), *rev. denied,* No. 22-0123, 2022 CAAF LEXIS 165 (C.A.A.F. 2 Mar. 2022), then *rev. granted,* No. 22-0123, 2022 CAAF LEXIS 395 (C.A.A.F. 26 May 2022)*; United States v. Merritt*, No. ACM 39754, 2021 CCA LEXIS 61 (A.F. Ct. Crim. App. 11 Feb. 2021) (unpub. op.), *rev. denied*, 2021 CAAF LEXIS 731 (C.A.A.F. 9 Aug. 2021); *United States v. Citsay*, No. ACM 39712, 2020 CCA LEXIS 453 (A.F. Ct. Crim. App. 18 Dec. 2020) (unpub. op.), *rev. denied*, 2021 CAAF LEXIS 331 (C.A.A.F. 13 Apr. 2021).

In *Johnson*, we addressed the various issues Appellant raised regarding the conditions he faced at Lowndes County Jail (LCJ); along with the response provided by Captain JC, the jail administrator at the LCJ; and Master Sergeant GB, Appellant's first sergeant. Unpub. op. at *54–55. In that same opinion, this court also noted a then-recent case involving LCJ, *United States v. O'Bryan*, No. ACM 39602, 2020 CCA LEXIS 211 (A.F. Ct. Crim. App. 24 Jun. 2020) (unpub. op.), *rev. denied,* No. 20-0296, 2020 CAAF LEXIS 438 (C.A.A.F. 11 Aug. 2020), a case where that appellant made similar claims against the facility. Nonetheless, because Appellant failed "to raise his issues to prison officials or his command" under Article 138, UCMJ, 10 U.S.C. § 938, we found

he had failed to show "deliberate indifference by the [LCJ]." *Johnson*, unpub. op. at *54–55.

A few months after *Johnson*, I penned a dissent in *Merritt* that questioned the reasonableness of dismissing allegations of cruel or unusual conditions of post-trial confinement simply because an appellant failed to file an Article 138, UCMJ, complaint with his or her leadership, a factor to be considered under *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006). *See Merritt*, unpub. op. at *26–43 (Meginley, J., dissenting in part and in the result). Specifically, I wrote that

> [u]nder the current state of the law, even if a confinee is able to prove the first factor under *Lovett* [that an appellant must show an objectively, sufficiently serious act or omission resulting in the denial of necessities], it is a rare case where a confinee will be able to prove the state of mind of prisons officials and deliberate indifference.

*Id.* at *31.

Following *Johnson*, this court has written on two additional cases involving LCJ: *Pullings* and *Citsay*. In both cases, this court chose not to grant relief to those appellants. Yet, earlier this year, our superior court granted review of our decision in *Pullings* on the following issues:

> I. In addition to prison officials, can the decisions of military personnel satisfy the "Deliberate Indifference" aspect of cruel and unusual punishment test when they repeatedly send military inmates to a local civilian confinement center with a history of inhumane living conditions for inmates?
>
> II. Additionally or alternatively, did Appellant suffer cruel and unusual punishment for 247 days and nights at Lowndes County Jail?

*Pullings*, 2022 CAAF LEXIS at 395.

I now raise the same questions in Appellant's case as posed by the CAAF above. I cannot determine whether Appellant is entitled to relief under the Eighth Amendment to the United States Constitution[1] or Article 55, UCMJ, 10 U.S.C. § 855, or if his sentence is appropriate under Article 66(c), UCMJ, without knowing the answer to these questions. I now believe a post-trial evidentiary hearing is required to resolve any factual disputes between Appellant's clemency and post-clemency matters and the declarations submitted by the Government, particularly Captain JC's affidavit. *See United States v. Ginn*,

---

[1] U.S. CONST. amend. VIII.

47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967). To the degree that such a hearing is found to be impractical, as it has been three and half years since Appellant's trial, I would grant Appellant relief under Article 66(c), UCMJ.[2]


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[2] As for whether Air Force officials have exhibited "deliberate indifference" on civilian confinement matters arising from Moody Air Force Base (AFB) cases, it is worth noting that this court has previously addressed other cases of confinement conditions of Airmen from Moody AFB at local confinement facilities and/or claims of cruel and unusual punishment. *See, e.g.*, *United States v. Burke*, No. ACM S32137, 2014 CCA LEXIS 834 (A.F. Ct. Crim. App. 3 Nov. 2014) (unpub. op.); *United States v. Luckado,* No. ACM 37962, 2013 CCA LEXIS 741 (A.F. Ct. Crim. App. 1 Aug. 2013) (unpub. op); *United States v. Wilson*, No. ACM 37897, 2012 CCA LEXIS 385 (A.F. Ct. Crim. App. 12 Oct. 2012) (per curiam) (unpub. op.); *United States v. Simmons*, No. ACM 37967, 2012 CCA LEXIS 230 (A.F. Ct. Crim. App. 27 Jun. 2012) (unpub. op.); *United States v. Branch*, No. ACM S31691, 2010 CCA LEXIS 403 (A.F. Ct. Crim. App. 13 Dec. 2010) (per curiam) (unpub. op.); *United States v. Lucas,* No. ACM 37363, 2009 CCA LEXIS 479 (A.F. Ct. Crim. App. 28 Dec. 2009) (unpub. op.); *United States v. Melson,* No. ACM 36523, 2007 CCA LEXIS 372 (A.F. Ct. Crim. App. 14 Sep. 2007) (per curiam) (unpub. op.). Most of these cases also involve the nearby Cook County Jail, Cook County, Georgia. No relief was granted to any of these appellants for cruel and unusual punishment, although the appellant in *Melson* was granted relief for his illegal pretrial punishment.